UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
GREGORY DRUMMOND,       *DKT#:  14-CV-04050*

                Plaintiff,      **FIRST AMENDED COMPLAINT**

    - against -      **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,      **ECF CASE**
P.O. SAEED NIEVES (Tax ID # 946060),
P.O. ANGEL COLON (Tax ID # 926694),
P.O. VINCENT CAMPO,
P.O. ERICK ERDAIDE,
and SGT. ANNA SERRANO,
individually and in their official capacities ,

                Defendant.
----------------------------------------------------------------------x

    Plaintiffs, GREGORY DRUMMOND, by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, GREGORY DRUMMOND, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. SAEED NIEVES, P.O. ANGEL COLON, P.O. VINCENT CAMPO, P.O. ERICK ERDAIDE, and SGT. ANNA SERRANO (hereinafter collectively referred to as the "defendants" or "defendant police officers"), were duly sworn police officers of the New York City Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by THE CITY OF NEW YORK.

**FACTS**

13. On or about September 18, 2013, the Plaintiff was at his apartment located at 127 Schaeffer Street in the County of Kings, City and State of New York (hereinafter referred to as the "apartment" or "apartment building").

14. The Plaintiff's apartment building is a 3 family home. Each apartment has its own separate entrance, with locks, and has their own separate kitchen and bathroom. Each apartment is a separate and distinct living unit that is separate from the other apartments in the building. The Plaintiff's apartment was on the third floor.

15. On or about September 18, 2013, the tenant from the Second floor was involved in a domestic dispute. Because of that dispute, police arrived at the apartment building.

16. The Defendant police officers arrived on the scene at the apartment.

17. The Defendant police officers were talking to the second floor tenant through a gate. They then grabbed the second floor tenant through the gate and put their hands in his pocket, retrieved keys for the gate and the property, and entered the apartment.

18. The Defendant police officers entered the apartment building and searched various

apartments in the building, including the Second Floor apartment and the Third Floor apartment.

19. Upon performing a search of the second floor apartment the police discovered a gun and a quantity of drugs.

20. The Plaintiff was not in the second floor apartment at the time the police conducted their search of the second floor apartment.

21. The Plaintiff was not in actual or constructive possession of the second floor tenant's gun or drugs.

22. Upon information and belief, the police arrested the second floor tenant for possession of a weapon and for possession of narcotics.

23. The Plaintiff, who was a tenant of the third floor apartment, and who was not in actual or constructive possession of a gun or drugs that was recovered from the second floor apartment, was also arrested by the Defendant police officers for Criminal Possession of a Weapon, Criminal Possession of a Controlled substance, and other charges, for the items seized from the second floor apartment.

24. The Defendant police officers did not have any probable cause to arrest the Plaintiff.

25. The Defendant police officers knowingly, intentionally, willfully, and maliciously arrested the Plaintiff without probable cause.

26. The Defendant police officers accused Plaintiff of being a squatter on the third floor and that he was not a tenant of the building.

27. The Plaintiff explained to the Defendant police officers that he was not a "squatter" and that his girlfriend owned the building and offered to provide the police her contact information. The Defendant police officers refused to contact the Plaintiff's girlfriend to confirm his representation.

28. The Defendant police officers entered the Plaintiff's third floor apartment without probable cause, privilege, or consent of the Plaintiff.

29. The Plaintiff was not in possession of any illegal contraband inside of his Third Floor apartment.

30. While inside the Plaintiff's third floor apartment, the Defendant police officers seized Plaintiff's property from the third floor apartment, including televisions, video game consoles, cellular telephones, and united states currency.  The Plaintiff was not provided a property voucher for any of these items and none of the items have been returned to the Plaintiff despite repeated requests.

31. Upon information and belief, the Plaintiff's property was never properly vouchered by the Defendant police officers.  Upon information and belief, the Defendant police officers stole the Plaintiff's personal property, including the Plaintiff's televisions, video game consoles, cellular telephones, and united states currency.

32. The Plaintiff also resided in his apartment with his dog.

33. The Plaintiff informed the Defendant police officers that the dog belonged to the Plaintiff.

34. The Plaintiff asked the Defendant police officers to call his girlfriend and ask her to come and get the dog since he was being placed under arrest.  The Defendant police officers did not call Plaintiff's girlfriend and ask her to come and get the dog.

35. The Defendant police officers took the Plaintiff's dog to the local pound.

36. The Defendant police officers informed the pound that the dog was a "stray" despite the fact that the Defendant police offers knew that the dog belonged to the Plaintiff.

37. Because the dog was considered a "stray" at the representation of the Defendant

police officers, the pound neutered the dog.

38. The Plaintiff did not wish to neuter his dog.

39. The Plaintiff was prosecuted for various crimes, including Criminal Possession of a Weapon and Criminal Possession of a Controlled Substance.

40. The Plaintiff proceeded to trial to defend himself of the false allegations brought against him by the Defendant police officers.

41. On May 19, 2014, the Plaintiff was acquitted of the criminal charges.

42. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of property, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**<u>DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983</u>**

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

45. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

46. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

47. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

48. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

51. That the detention of the plaintiff by the defendants was objectively unreasonable and in violation of Plaintiff's constitutional rights.

52. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants were directly and actively involved in the initiation of criminal proceedings against the Plaintiff.

55. Defendants lacked probable cause to initiate criminal proceedings against the Plaintiff.

56. Defendants acted with malice in initiating criminal proceedings against the Plaintiff.

57. Defendants were directly and actively involved in the continuation of criminal proceedings against the Plaintiff.

58. Defendants lacked probable cause to continue criminal proceedings against the Plaintiff.

59. Defendants acted with malice in continuing criminal proceedings against the Plaintiff.

60. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in Plaintiff's favor when all criminal charges against him were dismissed.

61. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## UNLAWFUL SEARCH AND SEIZURE UNDER 42 U.S.C § 1983

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants subjected the Plaintiff to an illegal, improper, and unlawful search of his apartment and personal property without any probable cause, privilege, or consent.

64. Defendants subjected the Plaintiff to an illegal, improper, and unlawful seizure of his apartment and personal property without any probable cause, privilege, and consent.

65. That the search and seizure of Plaintiff's apartment and personal property was objectively unreasonable and in violation of his constitutional rights.

66. As a result of the forgoing, Plaintiff's dog (personal property) was injured and damaged when his dog was neutered without the Plaintiff's consent.

67. As a result of the foregoing, Plaintiff was humiliated, embarrassed, and suffered loss of use and enjoyment and use of his personal property, including his televisions, game consoles, cellular telephones, united states currency, and his dog.

## FIFTH CLAIM FOR RELIEF
## DENIAL OF FAIR TRIAL UNDER 42 U.S.C § 1983

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants fabricated evidence used to prosecute the Plaintiff.

70. Defendants provided false and fabricated information and evidence to the prosecutor(s) responsible for prosecuting the Plaintiff.

71. By fabricating evidence, the Defendants violated Plaintiff's constitutional right to a fair trial.

72. By providing false and fabricated information and evidence to the prosecutor(s) responsible for prosecuting the Plaintiff, the Defendants violated Plaintiff's constitutional right to a fair trial.

73. Defendants were aware or should have been aware of the falsity of the information used to prosecute Plaintiff.

74. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

**SIXTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendants subjected the Plaintiff to excessive force, false arrest, and a protracted and unreasonable traffic stop of the Plaintiff.

77. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

78. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK, all under the supervision of ranking officers of the New York City Police Department.

79. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, include but are not limited to the following unconstitutional practices:

      (a) Failing to properly train, in general;
      (b) Failing to supervise police officers;
      (c) Subjecting persons to violations of their constitutionally protected rights;
      (d) Subjecting persons to excessive force.
      (e) Subjecting persons to false arrest.

80. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department constituted a deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

81. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

82. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights, for which THE CITY OF NEW YORK is liable.

83. As a result of the foregoing, plaintiff sustained, _inter alia_, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## **DAMAGES AND RELIEF REQUESTED**

84. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. All of the foregoing acts by defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To be free from an unlawful search and seizure of his property;

    E. To receive equal protection under the law.

86. By reason of the aforesaid conduct by defendants, plaintiff is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated:  New York, NY
        November 19, 2014                    */s/ Bryan Konoski*
                                    By:  _____
                                         BRYAN KONOSKI (BK2325)
                                         Treyvus & Konoski, P.C.
                                         *Attorney(s) for the Plaintiff*
                                         305 Broadway, 14th Floor
                                         New York, NY 10007
                                         (212) 897-5832